## Case No. 6,262.

HAYES v. The J. L. WICKWIRE.

[27 Leg. Int. 67;[1] 7 Phila. 594.]

District Court, E. D. Pennsylvania. 1870.

WRONGFUL DISCHARGE OF SEAMAN — DAMAGES — DESERTION—FOREIGN VESSEL.

1. The unjustifiable discharge of a mariner in a foreign port, entitles him to wages; and to damages also, if accompanied with oppression.

2. The temporary absence of a mariner from his ship, occasioned by imprisonment upon a charge of a trivial offence, is not a total desertion.

3. The court will not, ordinarily, interfere in a dispute between the master and seaman of a foreign vessel, before the voyage is ended, without the concurrence of the consul.

In admiralty. This case arose upon a libel for wages and damages, allowed by the court upon the certificate of the British consul being filed, that there was, in his belief, sufficient cause for such process. The facts were, briefly stated, as follows:—Libellant was a British seaman, shipped in Great Britain for the round voyage to Philadelphia and back to a port in Europe. After the ship's cargo was discharged at this port, the seaman went ashore one evening, was arrested by the local authorities for an alleged breach of the peace, &c., while in the city, and locked up for four days. Upon being discharged from prison, he immediately returned to the barque, with a certificate from the prison-keeper of the cause of his detention. The master, Murray, had meanwhile, at the expiration of forty-eight hours absence from the barque, duly entered Hayes upon his log-book as a deserter—upon a charge of total desertion; and, when he reported himself upon the barque again, with the cause of his detention, the master declined to receive him on board; to recognize him as one of his seamen; to pay him his wages, or to give him his clothing.

The British consul was next appealed to; and, after an informal hearing of the master and mariner, at a time suggested by the master, decided that it was not a case of total desertion; and instructed the master that he should allow the mariner to return to his duty on the barque. This the master again refused to do. The master then took boarding at a seamen's boarding house and libelled the barque.

Mr. Mitcheson, for libellant, contended that the libellant, having been wrongfully discharged before the termination of the voyage; and having been prevented from reshipping, through the master's detaining his pay and clothing, was entitled to his wages until reshipped; to his expenses for boarding whilst on shore; and to damages.

Mr. Coulston, for defendant, contended that libellant should only be allowed wages up to the time he left the vessel;—less the expense and increased wages incident to shipping another seaman in his place.

CADWALADER, District Judge, held that the consul was right; and that the course of the master having been arbitrary and despotic in the detention of the seaman's clothing, &c., libellant was entitled to wages up to the time of decree; expense of boarding for twenty days, with damages for detention of his clothing, and for the clothing if not returned. Decree accordingly.